PER CURIAM:
Claimant brought this action for damage to his 1993 Buiclc Regal four door sedan which occurred when he was operating his vehicle northbound on State Route 20 in Upshur County and the vehicle struck a hole on the edge of the road. Respondent was responsible at all times herein for the maintenance of State Route 20 in Upshur County. The Court is of the opinion to make an award in tins claim for the reasons set forth below.
The incident giving rise to this claim occurred on June 27,2002, between 11:45 a.m. and 12:00 noon. It was a clear and sunny day with no precipitation. Claimant was on his way to the Veterans ’ Administration Center. He was traveling northbound on State Route 20 at approximately fifty miles per hour in a fifty-five mile per hour zone. He testified that he travels this portion of road approximately once every two weeks and he could not recall the last time he had traveled it. At this location, State Route 20 is a two-lane, asphalt road with a yellow center line and white lines on both edges. There is a gravel beim that varies in width along the right side of the road for northbound traffic. Claimant was approximately two miles north of Buckhannon next to Pringle Tree Road when his vehicle veered to the right and slightly off the edge of the road. He stated that he slowed the vehicle and drove a short distance on the berm. He attempted to maneuver *70 the vehicle back onto the road when suddenly it struck a large hole on the edge of the road. According to claimant, the right front tire absorbed the direct impact which was significant. He stated that there is extra space along the berm at this location which enabled him to maneuver the vehicle safely onto the road. The force of the impact caused the right front tire to explode and the right front wheel to sustain damage. According to claimant’s measurements, the hole was approximately seven inches deep, two feet long and one foot wide. Claimant submitted photographs of the hole into evidence at the hearing of this matter which demonstrated that the hole was large and extended into the white edge line of the paved portion of the highway. According to claimant, the hole extended between five and six inches from the berm into the paved portion of the road. As a result of the impact, claimant testified that he purchased a new tire in the amount of $50.21, and a used aluminum wheel in the amount of $63.60. However, at the hearing of this matter, the Court requested that claimant provide the Court the original invoice for the used aluminum wheel and his certificate of insurance coverage within thirty days. While claimant provided the Court his certificate of insurance coverage, he did not send the original invoice which the Court needs to verily the date this cost was incurred. Thus, claimants are limited to a recovery of the cost for the new tire in the amount of $50.21.
Claimant contends that respondent knew or should have known of this hole on the edge of the road and that it should have made adequate repairs in a more timely fashion.
Respondent’s position is that it did not have notice of this hole and that it has acted reasonably and diligently under the circumstances.
Gregory Phillips, Highway Administrator for Upshur Comity, is responsible for all highway maintenance in Upshur County including the portion of State Route 20 at issue. He testified that he is familiar with the location at issue and that it is located approximately two miles north of Buckhannon city limits. Mr. Phillips testified that State Route 20 is a heavily traveled highway. The width of the road is eighteen feet and the berms vary from three to six feet. Mr. Phillips testified that respondent did not have prior notice of the hole at issue. He testified that either he or his assistant drive the roads daily and make visual inspections of all heavily traveled roads in Upshur County including State Route 20. He stated that no more than three or four days would pass before he or his assistant would travel State Route 20 and pass this particular location and neither Mr. Phillips nor his assistant noticed the hole at issue. According to Mr. Phillips, the hole claimant’s vehicle struck is “off the edge of the road” and that a portion of the berm at this location has been washed away by “torrential downpours.” He testified that Upshur Comity has had approximately seventeen torrential downpours this past year, but he cannot testify as to whether or not it rained the night prior to this incident. Further, Mr. Phillips testified that the berm at issue is located on a downhill slope. There is a steep hill above State Route 20 on the side of the road opposite the location of this incident. There is a ditch-line at the bottom of this hill that extends along the road. According to Mr. Phillips, a large amount of water flows off the hillside and down onto the road; and due to this past year’s “torrential rainfalls,” the ditch-line has been unable to hold this water. Thus, the water flows onto the berm and washes it out. Mr. Phillips testified that the water is creating a “cutter” along the edge of the road where the stone on the berm of the road is washed away from the edge of the asphalt creating a cut and a drop between the road and berm. He testified that this type of condition has to be maintained constantly and that there is no way to prevent it from occurring. He stated that if respondent repaired the hole at issue, another one would occur as soon as it rains again. Mr. Phillips also testified that the broken pavement and hole which claimant’s vehicle struck could *71 have been created overnight by the combination of a “torrential downpour” and a coal or log truck driving on the edge of the road. However, Mr. Phillips also testified that he could not determine approximately how long the hole had been present because the area in the photographs introduced by the claimant was wet. The fact that there is water in the hole leads him to believe that there could have been a washout perhaps the night before.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986): Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had constructive notice of the hole and the broken edge of the pavement at the location of this incident. The evidence established that there was a hole on the berm that had eroded the pavement and extended well into and beyond the white edge line. Based upon the size of this hole, its location, and the fact that this is a heavily traveled highway, the Court concludes that respondent should have known of this condition. The Court recognizes the validity of respondent’s argument that heavy rainfall s, along with the location of the berm on a down hill slope combine to create a potential condition that can occur over night, thus arguably denying respondent timely notice. While the Court appreciates respondent’s position, it is of the opinion that given such a hazardous condition as the one at issue, respondent could have at least placed a warning sign prior to this location to provide notice of the condition at the edge of the pavement to the traveling public.
In accordance with the finding of facts and conclusions of law as stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $50.21.
Award of $50.21.